1  KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
4  Facsimile:   (310) 312-3100

5  Attorneys for Defendant MSRF, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          SOUTHERN DIVISION

11

12 | COASTAL COCKTAILS, INC., a California corporation, | CASE NO.  SACV12-01738 JST (MLGx)
13 | Plaintiff, | Honorable Josephine Staton Tucker
14 | v. | **DEFENDANT MSRF, INC.'S ANSWER TO COMPLAINT OF COASTAL COCKTAILS, INC.**
15 | MSRF, INC., an Illinois corporation; DOES 1 through 10, inclusive, |
16 | Defendants. | **DEMAND FOR JURY TRIAL**

17

18

(remaining lines 18–28 blank)

1    Defendant, MSRF, Inc. ("MSRF"), answers the Complaint ("Complaint") of Plaintiff, Coastal Cocktails, Inc. ("Coastal Cocktails"), and admits, denies and avers as follows:

## Jurisdiction and Venue

1. MSRF admits the Complaint alleges trade dress infringement and copyright infringement under federal laws, and unfair competition claims under the common law of California.  MSRF denies the remaining allegations in Paragraph 1 of the Complaint.

2. MSRF lacks sufficient information to respond to the allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3. MSRF denies that it is an Illinois corporation.  MSRF also denies that it does business directly in this judicial district.

4. MSRF lacks sufficient information to respond to the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. MSRF lacks sufficient information to respond to the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.  MSRF affirmatively states that neither it, nor any other entity, engaged in any of the wrongful conduct alleged in Coastal Cocktails' Complaint.

6. MSRF denies the allegations contained in Paragraph 6 of the Complaint.

## Background

7. MSRF lacks sufficient information to respond to the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8. MSRF admits that Exhibit A to the Complaint is a picture of a cast iron skillet cookie set in its packaging and that Paragraph 8 of the Complaint purports to describe the picture attached as Exhibit A.  MSRF denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. MSRF lacks sufficient information to respond to the allegation that Coastal Cocktails was the first in the industry to package a cookie dough product in the manner described in Paragraph 9 of the Complaint and therefore denies this allegation. MSRF also lacks sufficient information with respect to the manner of packaging of Coastal Cocktails' other cast iron cooking sets described in Paragraph 9 of the Complaint therefore denies these allegations. MSRF denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. MSRF admits that Exhibit B to the Complaint purports to be a copy of a copyright application filed by Coastal Cocktails to register a sculptural work with the U.S. Copyright Office. MSRF denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. MSRF admits that Exhibit C to the Complaint is a picture of an Italian cooking spice set in its packaging and that Paragraph 11 of the Complaint purports to describe the picture attached as Exhibit C. MSRF denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. MSRF lacks sufficient information to respond to the allegation that Coastal Cocktails was the first in the industry to package a spice collection in the manner described in Paragraph 12 of the Complaint and therefore denies this allegation. MSRF denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. MSRF admits that Coastal Cocktails and MSRF are competitors. MSRF denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. MSRF admits that Exhibit D to the Complaint is a picture of MSRF's cast iron cookie skillet set in its packaging. MSRF denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. MSRF denies that MSRF's skillet cookie packaging bears a striking resemblance to Coastal Cocktails' skillet cookie packaging. MSRF further denies

1  that Coastal Cocktails' skillet cookie packaging is protected by trade dress or
2  copyright.  MSRF admits the remaining allegations in Paragraph 15 of the
3  Complaint only to the extent that they accurately describe elements of MSRF's
4  packaging for a skillet cookie set.
5      16.    MSRF denies the allegations in Paragraph 16 of the Complaint.
6      17.    MSRF admits that Exhibit E is picture of MSRF's Italian Kitchen
7  spice set.  MSRF denies the remaining allegations contained in Paragraph 17 of the
8  Complaint.
9      18.    MSRF denies that MSRF's Italian Kitchen spice set bears a striking
10 resemblance to Coastal Cocktails' Italian cooking spice set.  MSRF further denies
11 that Coastal Cocktails' Italian cooking spice set packaging is protected by trade
12 dress.  MSRF admits the remaining allegations in Paragraph 18 of the Complaint
13 only to the extent that they accurately describe elements of MSRF's packaging for
14 its Italian Kitchen spice set.
15     19.    MSRF denies the allegations in Paragraph 19 of the Complaint.
16     20.    MSRF admits that Coastal Cocktails' counsel sent MSRF a letter that
17 accused MSRF of trade dress infringement and requested that MSRF change its
18 packaging.  MSRF denies that Coastal Cocktails owns trade dress rights in its
19 packaging and denies that MSRF infringes any Coastal Cocktails' trade dress
20 rights; therefore, MSRF denies the remaining allegations in Paragraph 20 of the
21 Complaint to the extent such allegations go beyond an accurate description of the
22 content of the letter from Coastal Cocktails' counsel.
23     21.    MSRF admits receipt of Coastal Cocktails' letter described in
24 Paragraphs 20 and 21 the Complaint.  MSRF denies the remaining allegations
25 contained in Paragraph 21 of the Complaint.  MSRF affirmatively states that in its
26 letter of July 20, 2012, it explained to Coastal Cocktails that its claims were
27 without merit and offered proof that this was the case.  Coastal Cocktails not only
28

did not respond to MSRF's proof, but elected to abandon its claims related to one of its products.

### First Claim for Relief – Trade Dress Infringement

22. MSRF incorporates its responses to the preceding allegations.

23. The allegations in Paragraph 23 of the Complaint include legal conclusions to which a response is not required. To the extent a response might otherwise be required, however, MSRF admits that Section 43(a) of the Lanham Act (15 U.S.C. § 1125) protects trade dress. To the extent the allegations contained in Paragraph 23 defining "trade dress" accurately describe trade dress protection under Section 43(a) of the Lanham Act, MSRF admits such allegations. MSRF denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. MSRF denies the allegations contained in Paragraph 24 of the Complaint.

25. MSRF denies the allegations contained in Paragraph 25 of the Complaint.

### Second Claim for Relief – Unfair Competition

26. MSRF incorporates its responses to the preceding allegations.

27. The allegations in Paragraph 27 of the Complaint include legal conclusions to which a response is not required. To the extent a response might otherwise be required, however, if the allegations contained in Paragraph 27 of the Complaint accurately describe California common law, MSRF admits such allegations. MSRF denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. MSRF denies the allegations contained in Paragraph 28 of the Complaint.

29. MSRF denies the allegations contained in Paragraph 29 of the Complaint

4

### Third Claim for Relief – Copyright Infringement

30. MSRF incorporates its responses to the preceding allegations.

31. MSRF admits that Coastal Cocktails filed a copyright application for a sculptural work.  MSRF denies the remaining allegations in Paragraph 31 of the Complaint.

32. MSRF denies the allegations contained in Paragraph 32 of the Complaint.

33. MSRF denies the allegations contained in Paragraph 33 of the Complaint.

34. MSRF denies the allegations contained in Paragraph 34 of the Complaint.

35. MSRF denies the allegations contained in Paragraph 35 of the Complaint.

36. MSRF denies the allegations contained in Paragraph 36 of the Complaint.

### Affirmative and Other Defenses

#### First Affirmative Defense

Coastal Cocktails' Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Coastal Cocktails' Complaint fails to assert factual allegations to support the notion that Coastal Cocktails owns inherently distinctive trade dress entitled to protection under federal law or common law.

#### Third Affirmative Defense

Coastal Cocktails' Complaint fails to assert factual allegations to support the notion that Coastal Cocktails' pleaded trade dress has acquired distinctness and is entitled to protection under federal law or common law.

**Fourth Affirmative Defense**

The elements of Coastal Cocktails' pleaded trade dress are either functional or generic and therefore not entitled to trade dress protection under federal law or common law.

**Fifth Affirmative Defense**

MSRF adopted and used many of the elements of Coastal Cocktails' pleaded trade dress in MSRF's packaging before Coastal Cocktails, such that Coastal Cocktails does not have priority of use in the pleaded trade dress.

**Sixth Affirmative Defense**

Third parties use and have used many of the elements of Coastal Cocktails' pleaded trade dress, such that Coastal Cocktails does not own exclusive rights in the pleaded trade dress.

**Seventh Affirmative Defense**

Coastal Cocktails' Complaint does not identify any work entitled to copyright protection under federal law.

**Eighth Affirmative Defense**

Upon information and belief, Coastal Cocktails' copyright application does not identify an accurate publication date and a resulting registration, if any, will be invalid.

**Ninth Affirmative Defense**

Coastal Cocktails' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

**Tenth Affirmative Defense**

This Complaint is subject to dismissal because the Court lacks personal jurisdiction over MSRF.

**Eleventh Affirmative Defense**

This Complaint is subject to dismissal for improper venue.

**Twelfth Affirmative Defense**

Upon information and belief, Coastal Cocktails has failed to mitigate its alleged damages.

MSRF reserves the rights to assert additional affirmative defenses if they become known.

WHERFORE, MSRF prays that Coastal Cocktails take nothing from its Complaint and that this matter be dismissed, with prejudice. MSRF also requests an award of its costs and attorneys' fees incurred in defending this action, and any other relief the Court may deem appropriate.

DATED: November 8, 2012

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Karin G. Pagnanelli
Karin G. Pagnanelli
Attorneys for Defendant
MSRF, INC.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury of all issues triable to a jury.

DATED: November 8, 2012

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Karin G. Pagnanelli
Karin G. Pagnanelli
Attorneys for Defendant
MSRF, INC.