1  Joshua M. Wolff (SBN 134426)
   jwolff@wolff-law.com
2  WOLFF LAW CORPORATION
   9160 Irvine Center Drive, Suite 200
3  Irvine, CA  92618
   Telephone:   (949) 769-3600
4  Facsimile:    (949) 769-3601

5  Kenneth G. Parker (SBN 182911)
   kenneth.parker@haynesboone.com
6  Kimberly A. Chase (SBN 253311)
   kimberly.chase@haynesboone.com
7  HAYNES AND BOONE, LLP
   18100 Von Karman, Suite 750
8  Irvine, CA 92612
   Telephone:   (949) 202-3000
9  Facsimile:    (949) 205-3157

10  **Attorneys for Plaintiff, Coastal Cocktails, Inc.**

11  Karin G. Pagnanelli (SBN 174763)        Paul E. Benson (*Pro Hac Vice*)
    kgp@msk.com                              pebenson@michaelbest.com
12  Alexa L. Lewis (SBN 235867)             Katrina G. Hull (*Pro Hac Vice*)
    all@msk.com                              kghull@michaelbest.com
13  MITCHELL SILBERBERG & KNUPP             MICHAEL BEST & FRIEDRICH LLP
    LLP                                      100 East Wisconsin Avenue, Ste. 3300
14  11377 West Olympic Boulevard            Milwaukee, WI 53202-4108
    Los Angeles, California 90064-1683      Telephone:   (414) 271-6560
15  Telephone: (310) 312-2000               Facsimile: (414) 277-0656
    Facsimile: (310) 312-3100
16

17  **Attorneys for Defendant, MSRF, Inc.**

18              UNITED STATES DISTRICT COURT

19             CENTRAL DISTRICT OF CALIFORNIA

20                    SOUTHERN DIVISION

21

22  COASTAL COCKTAILS, INC., a         Case No. SACV12-01738-JST (MLGx)
    California corporation,
23                                      Honorable Marc L. Goldman
              Plaintiff,                Courtroom 6-A
24
         vs.                            **ORDER GRANTING JOINT
25                                      STIPULATION AND
    MSRF, INC., an Illinois            APPLICATION FOR PROTECTIVE
26  Corporation, DOES 1 through 10,    ORDER**
    Inclusive,
27                                      Complaint Filed:    October 9, 2012
              Defendants.               Trial Date:   None Set
28

1   This Protective Order (hereinafter "Order") is entered pursuant to the
2   Federal Rules of Civil Procedure.  The Parties to the above-captioned matter have
3   stipulated and agreed, and the Court recognizes, that the Parties and non-party
4   witnesses to this action possess private, trade secret, business confidential and/or
5   proprietary information, which is confidential and/or of competitive commercial
6   value that will be subject to discovery in this action, but which should not be made
7   available to competitors or to the public generally.

8   **GOOD CAUSE STATEMENT**

9   Good cause exists for entry of this Order because the Parties to this action:
10  (1) are competitors with one another; (2) have sought and expect to continue to
11  seek in the future the discovery of certain information in this action that is
12  sensitive, private, business confidential, or is of a type and nature that third parties
13  required to get involved in discovery in this action will also believe is sensitive,
14  private, and business confidential, including, but not limited to, information
15  concerning the Parties' trade secrets, information that is competitively sensitive
16  and would harm the Parties if such information were disclosed to their competitors,
17  confidential financial information concerning the Parties, and proprietary business
18  information; (3) believe that unrestricted disclosure or dissemination of such
19  confidential information will cause them business or commercial injury; (4) desire
20  an efficient and practicable means to designate such information as either
21  "Confidential" or "Confidential – Attorneys' Eyes Only" (as those terms are
22  defined below) and thereby help ensure its continued protection against disclosure
23  or dissemination; and (5) have agreed to such means as set forth herein.

24  1.   This Order shall relate to all documents, materials, depositions or
25  other testimony, deposition exhibits, interrogatory responses, responses to requests
26  for admissions, and other information produced by the Parties (or third-parties) in
27  connection with this case.

28

1

2.     Any information that a Party believes in good faith contains or comprises any business confidential, proprietary, commercially sensitive or trade secret information ("Confidential Information") produced by a Party to this litigation or a third-party in connection with this case ("the Producing Party") may be designated by the Producing Party as "Confidential."  Information that has been designated as "Confidential" shall be revealed only to:

    (a)     the Court, the Court's staff and any Court-appointed mediators, arbitrators or expert witnesses;

    (b)     the Parties and their officers, employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons or entities joined as parties in the future;

    (c)     the Parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors;

    (d)     consultants, technical experts, expert witnesses, potential fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A;

    (e)     insurers or representatives of the Parties who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and

    (f)     court reporters, their transcribers, assistants, and employees.

3.     In addition to the above, documents or Confidential Information produced or disclosed within any proceeding, formal or informal, including but not limited to written discovery, depositions, affidavits/declarations, document production, and expert disclosures, by any of the Parties to this action or by any non-party witness, which are highly sensitive or proprietary or considered a trade secret, may be designated by the Producing Party or witness as "Confidential –

2

Attorneys' Eyes Only."  For purposes of this Order, Confidential – Attorneys' Eyes Only information includes, but is not limited to, product formula information, non-public financial information, pricing information, and customer lists. Information or documents designated as "Confidential – Attorneys' Eyes Only" shall be revealed only to:

        (a)    outside attorneys of record for a Party to this litigation and those attorneys' associates, assistants, employees, and vendors;

        (b)    expert witnesses or expert consultants assisting counsel of record who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A;

        (c)    deponents or other fact witnesses, but only if that witness is not an employee, officer, director, or agent of the Producing Party's competitor, and only if that witness has signed the "Agreement to be Bound by Protective Order";

        (d)    the Court, its staff, and any Court-appointed mediators or arbitrators; and

        (e)    court reporters, their transcribers, assistants, and employees.

Documents or information designated as "Confidential – Attorneys' Eyes Only" shall not be shown to any employees or principals of any Party, any employees or principals of any competitors of the Producing Party, nor shall such documents or information be disclosed or used in any way that would allow such information to become known to employees of any Party or competitors of the Producing Party.

        4.    The Producing Party shall designate information or documents as "Confidential" or "Confidential – Attorneys' Eyes Only" by using the following designation methods:

        (a)    In the case of documents produced and responses to written discovery requests, the designation shall be made by placing one or more of the following legends on every page of any such

5110485.1

document    prior    to    production,    as    appropriate:
"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
EYES ONLY";

(b)    In the case of depositions, designation of the portion of the
transcript    (including    exhibits)    as    "Confidential"    or
"Confidential – Attorneys' Eyes Only" may be made by a
statement to such effect on the record during the course of the
deposition or, upon review of such transcript, by counsel for the
Producing Party, who shall designate within thirty (30) days
after counsel's receipt of a certified transcript from the court
reporter.  If a portion of a deposition is designated as containing
"Confidential" or "Confidential – Attorneys' Eyes Only"
information before the deposition is transcribed, the transcript
of the deposition excerpts containing such Confidential
Information shall be bound in a separate volume marked
"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
EYES ONLY" as appropriate.  If a portion of a deposition is
designated as "Confidential" or "Confidential – Attorneys'
Eyes Only" during the course of a deposition, counsel may
request    all    persons,    except    persons    entitled    to    receive
Confidential Information pursuant to the requested Order, to
leave the room while the deposition is proceeding until
completion of the answer or answers containing such
Confidential Information.  If a portion of a deposition is
designated as "Confidential" or "Confidential – Attorneys'
Eyes Only" after the deposition is transcribed, counsel for the
Producing Party shall list on a separate piece of paper or in an
e-mail to all counsel the numbers of the pages of the transcript

4

designed as "Confidential" or "Confidential – Attorneys' Eyes Only," and send the list to counsel for all parties.  All parties shall affix the list to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "Confidential – Attorneys' Eyes Only."  If no designation is made within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any confidential information;

(c)   Any Confidential Information produced in a non-paper medium (e.g., videotape, audiotape, computer disk, etc.) may be designated by labeling the outside of such non-paper medium as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event a Party receiving information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" generates any hard copy, transcription, or printout from any such designated non-paper media, such Party must stamp each page "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the hard copy, transcription or printout shall be treated as it is designated.

5.    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.   Failure of counsel to designate information as Confidential or Confidential – Attorneys' Eyes Only shall not be deemed a waiver of confidentiality, and Confidential Information may thereafter be designated so.  The Parties agree that the claw-back procedures in FRCP 26(b)(5)(b) shall apply, and

5110485.1

5

1  that neither Party will assert that delay in demanding the return of certain

2  documents constitutes a waiver of any privilege or protection.

3     6.     A Party may designate as "Confidential" or "Confidential –

4  Attorneys' Eyes Only"  documents or discovery materials produced by a non-party

5  by providing written notice to all Parties of the relevant documents numbers or

6  other identification within thirty (30) days after receiving such documents or

7  discovery materials.

8     7.     Absent a specific order by this Court, and except as provided below,

9  once information has been designated as "Confidential" or "Confidential –

10  Attorneys' Eyes Only," it may be used solely in connection with the following

11  action: *Coastal Cocktails, Inc. v. MSRF, Inc.,* Case No. 12-01738, pending in the

12  United States District Court for the Central District of California, and shall not be

13  used for any other purpose. Any documents or information designated as

14  "Confidential" or "Confidential – Attorneys' Eyes Only" that are produced shall be

15  produced only to counsel of record for the Parties in this litigation.  Counsel for

16  any Party who obtains any Confidential Information from any other Party shall

17  protect it and its contents from disclosure to anyone save the persons designated in

18  this Order. Confidential Information shall not be used or disclosed directly or

19  indirectly by the Party receiving such Confidential Information to persons other

20  than those delineated in Paragraphs 2(a) through (f) and 3(a) through (e).

21     8.     Should either Party wish to share Confidential Information with any

22  potential witness who is not included in Paragraphs 2(a) through (f) and 3(a)

23  through (e) above, the Parties agree to meet and confer in good faith to address and

24  resolve this issue, and such resolution may include filing a Supplemental

25  Stipulation and [Proposed] Protective Order Regarding Confidentiality Agreement

26  that would include any such potential witness.

27     9.     Any Party that seeks to make disclosure of Confidential Information

28  permitted under this Order to a person listed in Paragraphs 2(a) through (f) and

6

5110485.1

3(a) through (e) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A if so required under Paragraphs 2 or 3.  All such "Agreements to be Bound by Protective Order" shall be retained by counsel for the Party who discloses Confidential Information in this way.

10.    Before any such Confidential Information, or the substance or summary thereof, shall be disclosed to experts or consultants retained by the Parties, the Parties shall tender a copy of this Order to each such expert or consultant in order that each such entity or person to whom such disclosure of Confidential Information is made shall be on notice and fully informed that the existence and substance of the Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel.  In addition, those experts and consultants shall sign and abide by the terms of the "Agreement to be Bound by Protective Order" attached as Exhibit A.  Those experts and consultants shall not give, show or otherwise divulge any of the Confidential Information to any entity or person except as specifically provided for by this Order.

11.    Subject to the terms of Paragraphs 2(a) through (f) and 3(a) through (e) above, discovering counsel may show documents or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to a witness at a deposition and examine that witness concerning the same.  If so required under Paragraphs 2 or 3, those witnesses shall sign and abide by the terms of the "Agreement to be Bound by Protective Order" attached as Exhibit A.   Neither the witness nor his counsel, if any, may retain or be given any copy of the Confidential Information including, but not limited to, a copy of any pages of the transcript of the deposition that are designated "Confidential" or "Confidential – Attorneys' Eyes Only." The court reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect

7

1    the transcript and its exhibits in the court reporter's office, and that if the original

2    deposition transcript is not signed within thirty (30) days after the date of the

3    notice, it will be used as if it had been signed. If the witness does not sign the

4    original deposition transcript within thirty (30) days after the date of the written

5    notice described in this paragraph, the deposition transcript may be used as if it had

6    been signed.

7        12.    Any Confidential Information that is filed with or submitted to the

8    Court shall be filed under seal. If any Confidential Information is submitted to the

9    Court under seal, the Party submitting the Confidential Information shall file a

10   copy of the pleading containing the Confidential Information in redacted form.

11   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects

12   the standards that will be applied when a Party seeks permission from the Court to

13   file material under seal.  The Producing Party shall cooperate in good faith with the

14   Discovering Party in performing such acts and supplying such information as is

15   necessary to file Confidential Information under seal and obtain an order

16   permitting filing under seal.

17       13.    Nothing contained herein shall prevent any party from using

18   Confidential Information in connection with any trial, hearing, or other public

19   proceeding in this matter, such as displaying as evidence on a board or by

20   electronic means such as a Power Point presentation. To the extent a party intends

21   to utilize information covered by this Order in such a manner, the party will

22   provide counsel for the Producing Party at least seven business days advance

23   written notice. The Producing Party shall then have an opportunity to seek to

24   exclude the public from the hearing by promptly filing a motion with the Court.

25   The filing of such a motion shall not extend any briefing schedules for motions that

26   utilize any documents covered by this Order unless stipulated to by the Parties.

27   Once the Producing Party has filed such a motion, the Party seeking to use the

28   Confidential Information shall be prohibited from using the Confidential

8

1  Information in a public proceeding without an Order of the Court or the written

2  consent of counsel for the Producing Party. The Producing Party shall proceed in

3  good faith to obtain a ruling on any such motion in a timely manner so as to permit

4  the use of any documents covered by this Order in the hearing and determination

5  of any motions.

6      14.    Any Party may object to the designation of particular documents or

7  other materials as Confidential by giving written notice to the Party making the

8  designation and to all other parties. Such notice shall identify with reasonable

9  specificity the documents or other materials to which the objection is directed and

10  the basis for the objection. The Parties shall attempt to resolve any such dispute by

11  meeting and conferring in good faith on an informal basis within ten (10) business

12  days of notice of the disagreement.  If the dispute has not been resolved within this

13  time period, the Party seeking to de-designate the information may initiate

14  preparation of the joint stipulation pursuant to Local Rule 37-2.2.  Completion and

15  filing of the joint stipulation shall be as set forth in Local Rule 37-2.2.  The burden

16  of proving that information has been properly designated as "Confidential" or

17  "Confidential – Attorneys' Eyes Only" is on the Party who made the designation.

18  Designated materials shall retain their status and category of designation until

19  either: (a) the Parties expressly agree otherwise in writing, or (b) the Court orders

20  otherwise, unless such order is stayed pending appellate review.

21      15.    This Order shall not:

22          (a)    Prejudice the rights of either Party to raise any objection to any

23                 request for discovery;

24          (b)    Prejudice the rights of either Party to object to authenticity or

25                 admissibility of any document, testimony or evidence subject to

26                 this Protective Order;

27

28

5110485.1

(c)  Prejudice the right of either Party to seek this Court's determination whether particular information should be produced or should be subject to the terms of this Order;

(d)  Prejudice the rights of either Party to apply to this Court for a further protective order relating to any Confidential Information; or

(e)  Prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Information and to seek Court approval for such modification, if necessary.

16.  This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

17.  The provisions of this Order shall, absent written permission of the Producing Party or further order of this Court, continue to apply after the conclusion of this action, including without any limitation any appeals therefrom.

18.  Within 45 days after termination of this litigation, including any appeals therefrom, the originals and all copies of information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall, at the direction of the Producing Party, be destroyed or returned to the Producing Party. Any Party instructed to destroy documents will certify in writing to the Producing Party that the documents have been destroyed.


SO ORDERED AND ENTERED on this 5th day of February, 2013, BY THE COURT:

_____
Honorable Marc L. Goldman
United States Magistrate Judge

5110485.1

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order in the lawsuit captioned *Coastal Cocktails*, *Inc. v. MSRF, Inc.,* Case No. 12-01738, pending in the United States District Court for the Central District of California; has had an opportunity to review the Stipulated Protective Order; and is fully familiar with all of its terms.  By executing this Agreement to be Bound by Protective Order, the undersigned agrees to be bound by the terms of the Stipulated Protective Order.

By: _____

_____

Print Name:

_____

Address:

_____

_____

5110485.1

11